# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 9-518V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JOSEPH DAGENHART and CYNTHIA DAGENHART, as Parents and Legal Representatives of their minor daughter N.D., | Filed: July 1, 2014 |
| Petitioners, | Decision by Stipulation; Damages; Varicella Vaccine; Encephalitis; Intractable Seizure Disorder; Personality and Behavior Changes |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ramon Rodriguez, III*, Rawl, McNelis and Mitchell, P.C., Richmond, VA, for Petitioners.

*Lynn Ricciardella*, U.S. Dep't of Justice, Washington, DC, for Respondent

### DECISION AWARDING DAMAGES[1]

On August 7, 2009, Petitioners Joseph and Cynthia Dagenhart filed a petition on behalf of their minor daughter N.D., seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Petitioners allege that N.D. suffered

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. (*Id.*)

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended,

encephalitis, an intractable seizure disorder, and personality and behavior changes as a result of receiving the varicella vaccine.

Respondent denies that N.D.'s encephalitis, intractable seizure disorder, personality and behavior changes or any related medical problems were caused by the receipt of the varicella vaccine. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation filed July 1, 2014 that the issues before them can be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

   a) A lump sum of $5,547.32, which amount represents reimbursement of the Commonwealth of Virginia Medicaid lien, in the form of a check payable jointly to petitioners and

      Department of Medical Assistance Services
      Accounts Receivable Unit, TPLC, 5th Floor
      600 E. Broad Street
      Richmond, VA 23219

   Petitioners agree to endorse this check to the Department of Medical Assistance Services; and

   b) A lump sum of $500,000.00 in the form of a check payable to Petitioners. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioners. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

---

42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly (or separately) filing notice(s) renouncing their right to seek review.

**IT IS SO ORDERED.**

                                                                <u>/s/ Brian H. Corcoran</u>
                                                                    Brian H. Corcoran
                                                                    Special Master

Case 1:09-vv-00518-UNJ   Document 59   Filed 07/22/14   Page 3 of 9

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JOSEPH and CYNTHIA DAGENHART, as Parents and Legal Representatives of their Minor Daughter, N.D., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 09-518V <br> Special Master Corcoran |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, N.D., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to N.D.'s receipt of the varicella vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. N.D. received the varicella vaccination on or about August 16, 2006.

3. The vaccination was administered within the United States.

4. Petitioners allege that N.D. sustained the injuries of encephalitis, intractable seizure disorder, and personality and behavior changes as a consequence of her receipt of the varicella vaccine.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages as a result of N.D.'s condition.

1

6. Respondent denies that N.D. suffered encephalitis, intractable seizure disorder, personality and behavior changes, or any other injury caused by her receipt of the varicella vaccine, and denies that N.D.'s disabilities are sequelae of her alleged injuries.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

(a) A lump sum of $5,547.32, which amount represents reimbursement of the Commonwealth of Virginia Medicaid lien, in the form of a check payable jointly to petitioners and

> Department of Medical Assistance Services
> Accounts Receivable Unit, TPLC, 5th Floor
> 600 E. Broad Street
> Richmond, VA 23219

Petitioners agree to endorse this check to the Department of Medical Assistance Services; and

(b) A lump sum of $500,000.00 in the form of a check payable to petitioners. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. The payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of N.D. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of N.D.'s estate under the laws of the Commonwealth of Virginia. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of N.D.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of N.D.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as

guardians/conservators of the estate of N.D. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities, and on behalf of their heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of N.D. resulting from, or alleged to have resulted from, the varicella vaccination administered to her on or about August 16, 2006, as alleged by petitioners in a petition for vaccine compensation filed on or about August 7, 2009, in the United States Court of Federal Claims as petition No. 09-518V.

15. If N.D. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of

liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the varicella vaccine caused N.D.'s encephalitis, intractable seizure disorder, personality and behavior changes, or any other injury, or that her current disabilities are sequelae of her alleged injuries.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONERS:

*[signature]*
JOSEPH DAGENHART

*[signature]*
CYNTHIA DAGENHART

ATTORNEY OF RECORD FOR
PETITIONERS:

*[signature]*

RAMON RODRIGUEZ III, M.D.
Rawls McNelis & Mitchell, P.C.
211 Rocketts Way
Suite 100
Richmond, VA 23231
(804) 782-0608

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*[signature]*

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Acting Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*

LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 616-4356

Dated: July 4, 2014